THOMAS S. SMITH *et ux. vs.* DAVID C. ADELMAN *et al.*

JUNE 7, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This bill in equity was brought to set aside a certain deed of realty that was made and delivered by the

sheriff to the respondent Adelman pursuant to a sale under an execution upon judgment against complainants; and to vacate the judgment and execution upon which such sale was based; and to enjoin that respondent from prosecuting an action of trespass and ejectment which was then pending against these complainants. After a full hearing on the merits a decree was entered in the superior court denying and dismissing the bill. The cause is before us upon the complainants' appeal from that decree.

The bill alleges substantially that respondent Adelman was attorney for Phillips Lead and Supply Company, a corporation, the other respondent, which had obtained a judgment against these complainants; that, at a public sale under an execution upon that judgment, such attorney had purchased for a grossly inadequate price of $50 the realty that had been attached and levied upon as belonging to complainants, and had received from the sheriff a deed thereto; that the judgment involved had been entered against them by default because their attorney had failed to answer the case for them; and that complainants knew nothing of the judgment or sale until they received from respondent Adelman a notice to vacate the premises occupied by them; and that such notice was followed by the entry of a writ of trespass and ejectment against them. No fraud against either of the respondents is alleged and no question is raised concerning the regularity of the court proceedings or sale or the correctness of the amount of the indebtedness and judgment as entered.

The complainants testified that complainant Thomas S. Smith alone was responsible for the indebtedness to Phillips Lead and Supply Company for materials sold and delivered to "United Engineering Company" and to "Early American Homes", and used by him in the construction of certain dwellings; that both complainants had signed a negotiable promissory note for the amount of that indebtedness but that complainant Dorothea J. Smith, his wife, had signed

it as security and upon an understanding with the company that the note would be held by it until Thomas was able to pay; that the company thereafter began action thereon by writ of attachment; that complainants, after service of this writ, delivered it to their attorney, who failed to answer the case, as he had agreed to do, thereby causing judgment by default to be entered against them; and that they knew nothing of this judgment or execution sale until they received from respondent Adelman a notice to vacate the premises, followed by service and entry of a writ of trespass and ejectment.

Other evidence, however, showed that both complainants had participated in the building of dwellings under the above-mentioned names of United Engineering Company and Early American Homes; that complainant Dorothea J. Smith alone signed checks for these enterprises; that both had signed the promissory note in the ordinary negotiable form without conditions and to obtain forbearance by Phillips Lead and Supply Company from immediate suit; and that both had acknowledged the indebtedness upon that note, complainant Dorothea J. Smith's letter to that effect appearing in evidence.

Moreover, the attorney, who allegedly had promised to answer this case, testified categorically that the complainants never had delivered the writ to him or to his office and never had spoken to him there or elsewhere concerning that case; and he denied that he ever had promised to answer the original action in which the judgment by default was entered.

The trial justice found substantially that both complainants were participants in and were obligated upon the original indebtedness; that Dorothea J. Smith had signed the note for her own benefit and without any conditions, in consideration of forbearance by Phillips Lead and Supply Company from immediate suit; that the complainants never had spoken to or hired the attorney in question to repre-

sent them in that action and that he had not promised to do so; that the complainants had little or no equity in the property; that the sale price was not grossly inadequate; and that complainants had shown no legal or equitable defense to the original action or note. He therefore denied and dismissed their bill.

From our examination of the decision and transcript of evidence, we agree with the trial justice's conclusions. Even if inadequacy of price alone were sufficient to support such a bill, we find nothing in the evidence to require us to disturb the trial justice's findings that there was no grossly inadequate or unconscionable price here involved. The respondent Adelman did not purchase the realty for $50 as alleged, but merely bought the complainants' right, title and interest therein, which was admittedly subject to a mortgage of $4400 that was in default, and to other incumbrances including interest and taxes which were overdue and unpaid. The complainant Thomas S. Smith testified that the premises cost $5200; that they were assessed for $3800; that the mortgage originally was $4600 and that a fair monthly rental was $40 to $50. It further appeared that the premises had depreciated and were in need of painting and other repairs at the time. The respondent Adelman's bid was the highest made at the sheriff's sale duly advertised and conducted pursuant to an execution on the judgment. Under all the circumstances in evidence we cannot say that the purchase price was grossly inadequate and contrary to equity and good conscience.

But complainants also contend that this price, together with the accident or unforeseen cause which led to the judgment by default, entitled them to equitable relief. The trial justice found, after a full hearing, that the complainants had not proved by a preponderance of the evidence that they had ever spoken to or hired the attorney in question to answer the case for them, or that he had represented that he would do so. He also found that there was con-

sideration for the note to bind both complainants and no conditions were attached thereto as alleged. On the conflicting evidence, we find no reason that requires us to disturb these findings. Moreover, the evidence and findings make it clear that the complainants had no meritorious legal or equitable defense to the original action, which was premised on the common counts as well as on the note. Their good faith also was plainly challenged on the record by respondent Adelman's offer at the hearing to reconvey the property on payment by them of the original indebtedness plus the legally assessed costs and charges; and this offer was not accepted. Therefore we find no merit in complainants' contentions that they were entitled to equitable relief.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the superior court for further proceedings.

*John H. DiStefano*, for complainants.

*David C. Adelman, Frank W. Golemba*, for respondents.